## Warren, Appellant, *v.* Mount.

*Vendor and vendee—Exchange of real estate—Articles of agreement—Payment of taxes—Time—Contract.*

Where two persons enter into articles of agreement for the exchange of land, and each agrees to pay the current taxes on the land he is conveying, but the agreement does not state when such taxes are to be paid, the law will presume that the parties contemplated a reasonable time within which the payment was to be made.  If mutual possession has been delivered, and all of the covenants of the agreement have been

performed, except the payment of taxes by one of the parties, and the delivery of the deed to him, a delay of a few weeks in making such payment will not justify an action of ejectment against him brought twenty-five days after the taxes were actually paid.

Argued April 30, 1907. Appeal, No. 51, Oct. T., 1907, by plaintiff, from judgment of C. P. Beaver Co., March T., 1904, No. 272, on verdict for defendant in case of Robert R. Warren v. Charles F. Mount. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Ejectment for land in Big Beaver township. Before HOLT, P. J.

The opinion of the Supreme Court states the facts of the case.

The court directed a verdict for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was the instruction to the jury.

- *R. P. Lewis*, with him *Dan H. Stone*, for appellant.

*J. M. Hunter*, with him *John M. Buchanan* and *James L. Hogan*, for appellee.

OPINION BY MR. JUSTICE MESTREZAT, May 27, 1907:

By the contract of August 4, 1903, Mount sold and agreed to convey to Warren the Sheridan avenue properties in Pittsburg subject to a $34,000 mortgage. He also agreed to transfer the rents from the properties on and after September 1, 1903, to give possession of the properties subject to the rights of the tenant, to pay the taxes for the year 1903, to transfer to Warren the insurance then in force, to pay all bills for repairs that had been contracted for, and to pay all interest on the mortgage, subject to which the properties were to be conveyed, to August 1, 1903.

In consideration of which, Warren agreed to convey the Beaver county farm to Mount, subject to a $4,500 mortgage, to pay all interest on the mortgage, subject to which it was sold, to August 1, 1903, to transfer to Mount all insurance on the farm buildings, to pay the taxes for the year 1903, and give possession on or before October 1, 1903, reserving the grain

and hay then on the farm with right to harvest and remove it on or before the same date. Mount had the privilege of putting out fall crops on the farm. Warren was also to transfer to Mount the oil and gas lease on the farm, and also the rent of the tenement house on the farm on delivery of the deed.

The contract stipulated that deeds were to be executed and delivery of possession given on or before September 1, 1903.

In his opinion refusing a new trial, the learned judge of the court below says: "Upon the trial the plaintiff admitted that on August 24, 1903, he received from the defendant the deeds for the Sheridan avenue properties and the transfer of the insurance thereon, that all interest upon the $34,000 mortgage was paid by the defendant according to the agreement, and that he received the rents on the said Allegheny county property from and after September 21, 1903; that on or before August 24, 1903, he transferred to the defendant the insurance and oil lease on the said farm, and that he did not thereafter collect or receive any rents from the tenement house on the farm. In fact, it is conceded by the plaintiff that both parties performed all the stipulations in the agreement except he alleges that the deed for the farm was left by him with A. C. McComb, who he alleges was his agent, or trustee, with instructions not to deliver it to Mount until the taxes on the city property, amounting to $500 or $600, should be paid by the defendant. The plaintiff also admits that he did not pay the taxes on the farm according to the agreement until about October 11, 1903, some forty-eight days after he had received his deeds from the defendant. . . . The plaintiff admits in his testimony that the defendant paid the taxes on the Allegheny county property on January 21, 1904, twenty-five days before this action was brought." Mount took possession of the farm in October or the early part of November, 1903, and on the third day of October purchased of Warren the personal property on the farm.

On the undisputed facts, disclosed on the trial, the plaintiff was not entitled to recover. This ejectment was brought on February 15, 1904, not to enforce the payment of any part of the purchase money, but to recover possession of the land on the ground that the deed was not delivered to Mount because of his failure to pay the taxes of 1903 on the Sheridan avenue

properties. The plaintiff admits that Mount was entitled to the deed on the payment of the taxes. He alleges that the latter forfeited the agreement and his rights under it because in the payment of the taxes time was of the essence of the contract and that they should have been paid by September 1, 1903, when the deeds were to be exchanged. An examination of the agreement does not support this contention. Mount was " to pay all taxes that were assessed against the said property for the year 1903," but there is nothing whatever in the contract fixing the time within which the taxes were to be paid, or anything to indicate that the time of payment was of the essence of the contract. Not only does the agreement fail to specify a date for paying the taxes, but as showing that to be the plaintiff's construction of it, he did not pay the taxes on the farm until the middle of October, 1903, although the provision in the agreement requiring him to pay the taxes on the farm was the same as that imposing a like duty on Mount as to the taxes on the Sheridan avenue properties. Each party was to pay the taxes of 1903 on the real estate he sold to the other, but it was not stipulated in the agreement when they should be paid, and hence the parties had a reasonable time in which to comply with this covenant of the agreement.

Mount paid the taxes on the Sheridan avenue properties on January 21, 1904. He was then entitled to a deed from the plaintiff conveying the Beaver county farm, subject to the $4,500 mortgage. There was then a complete equitable title to the property in Mount and he was in possession and had the right to the possession as against the plaintiff. The writ in this case was not issued until February 15, 1904, twenty-five days after the taxes had been paid. At that time, every covenant of the agreement had been complied with by Mount, and if we concede the plaintiff's contention that he had not delivered a deed to Mount for the farm, yet the latter having a complete equitable title and the right to the legal title had a perfect defense to the ejectment brought by the plaintiff for the Beaver county farm.

For the reasons stated, without determining the other questions raised by the appellant, the learned court below was right in directing a verdict for the defendant.

The judgment is affirmed.